# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 19-3141-01-CR-S-BP |
| TERRY LEE HOLMES, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)

The United States of America, through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. §§ 3142(e)(1), (f)(1)(E), (f)(2)(A), and (f)(2)(B). At this hearing, the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1. Title 18, United States Code, Section 3142(f)(1)(E) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing, and if the case is one that involves an offense involving failure to register under 18 U.S.C. § 2250.

2. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the Government or by a judicial officer. These

conditions are:

a. When there is a serious risk that the defendant will flee; or,

b. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(A) and (B).

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves the failure to register by a sex offender. Further, there is a serious risk that the defendant's release will present a substantial risk to the community.

4. Moreover, the nature and circumstances of the charged offenses, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

5. The Government is aware of the following evidence:

a. In relation to the nature and circumstances of the offenses charged, on October 2, 2019, the grand jury returned an indictment charging the defendant with failure to register as a sex offender. The defendant, a convicted sex offender, was residing in Springfield, Missouri; however, the State of Missouri had no record of the defendant ever having registered as a sex offender.

b. In relation to the weight of the evidence supporting the charges in the Indictment, on July 17, 1985, in the Circuit Court of La Salle County, Illinois, the defendant was convicted of

two counts of Aggravated Criminal Sexual Assault, case number 84 CF 282. The defendant was sentenced to 26 years within the Illinois Department of Corrections (IDOC). After his release, the defendant was twice convicted of failing to register as a sex offender in the La Salle County, Illinois, and sentenced to a term of imprisonment in the IDOC. Prior to his release from IDOC for his second conviction for failing to register as a sex offender, on February 5, 2005, the defendant filled out a sex offender registration form in Illinois; however, the defendant did not register again in Illinois. On January 5, 2007, law enforcement located the defendant residing in Harrison, Arkansas, and the defendant was extradited back to Illinois and convicted for the third time of failing to register as a sex offender. The defendant was sentenced to a term of imprisonment in the IDOC, and on July 2, 2008, before being released from custody, the defendant filled out an Illinois Sex Offender Registration Act Notification Form; however, the defendant never registered again after his release from the IDOC. On May 23, 2019, United States Marshals Service (USMS) Senior Inspector (SI) Story Schankel notified the United States Marshals Office in Springfield, Missouri, that Holmes might be living in the Springfield area. Deputy United States Marshal (DUSM) Travis Eddleman's investigation indicated that the defendant had been residing at a residence in Springfield, Missouri, as early as December 2013, based upon the date the defendant engaged utilities in his name at the residence. Department of Veteran's Affairs (VA) Office of the Inspector General confirmed that the defendant had updated his residence information with the VA on June 6, 2019, and during that update, he listed his residence in Springfield, Missouri.

c. In relation to the history and characteristics of the defendant, the defendant has the prior

felony convictions:

1. On December 22, 1971, the defendant was convicted of deceptive practices in Ogle County, Oregon;
2. On March 23, 1973, the defendant was convicted of forgery in La Salle County, Illinois;
3. On July 24, 1978, the defendant was convicted of 16 counts of deceptive practices in Cook County, Illinois, case number 75CM1153;
4. On July 16, 1985, the defendant was convicted of aggravated criminal sexual assault of a victim less than 13 in La Salle County, Illinois, case number 84CF282;
5. On February 6, 2003, the defendant was convicted of violent sex offender registration in La Salle County, Illinois, case number 02CF00000466;
6. On February 15, 2005, the defendant was convicted of violent sex offender registration in La Salle County, Illinois, case number 2005CF93; and
7. On April 20, 2007, the defendant was convicted of violent sex offender registration in La Salle County, Illinois, case number 06CF00000628.

**WHEREFORE**, the United States requests a pretrial detention hearing and that Defendant be detained pending trial.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By  */s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney
Missouri Bar No. 57711
901 St. Louis Street, Ste. 500
Springfield, Missouri 65802

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that a copy of the foregoing was delivered on October 9, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney

4